KEVIN W. KENNEDY, Individually and as Parent and Natural Guardian of KEVIN R. KENNEDY, an Infant, et al., Respondents, v SEAFORD UNION FREE SCHOOL DISTRICT No. 6 et al., Appellants, and JOSEPH RIBAUDO, Individually and as Parent and Natural Guardian of ROBERT RIBAUDO, an Infant, et al., Respondents. [672 NYS2d 407] —In an action to recover damages for personal injuries, etc., the defendants Seaford Union Free School District No. 6 and Raymond Buckley appeal from an order of the Supreme Court, Nassau County (Kohn, J.), dated April 11, 1997, which denied their motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and any cross claims are dismissed insofar as asserted against the defendants Seaford Union Free School District No. 6 and Raymond Buckley, and the action is severed against the remaining defendants.

On May 17, 1993, the infant plaintiff, a student at Seaford High School, was physically assaulted by the defendant Robert Ribaudo (hereinafter Ribaudo), another student at the school. The assault allegedly occurred in the first floor boys' bathroom. The infant plaintiff and his father commenced this action against, *inter alia,* the defendants Seaford Union Free School District No. 6 (hereinafter the District) and Raymond Buckley, the high school principal, alleging that these defendants were negligent in their supervision of Ribaudo. After joinder of issue, the District and Buckley moved for summary judgment. The Supreme Court denied the motion. We reverse.

It is well settled that "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to

the absence of adequate supervision" (*Mirand v City of New York,* 84 NY2d 44, 49). Nevertheless, "[s]chools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York, supra,* at 49, quoting *Lawes v Board of Educ.,* 16 NY2d 302, 306).

The record indicates that the injured plaintiff and Ribaudo were friends, and that the assault, which occurred during an argument over a cigarette, was an "impulsive, unanticipated act" (*Mirand v City of New York, supra,* at 49). Although Ribaudo had a disciplinary record involving, *inter alia,* smoking and verbal abuse toward school officials, that record was devoid of any instances of physical violence upon any fellow students. Under these circumstances, the motion of the District and Buckley for summary judgment dismissing the complaint and any cross claims insofar as asserted against them must be granted (*see, Mirand v City of New York, supra; DeMunda v Niagara Wheatfield Bd. of Educ.,* 213 AD2d 975; *Hanley v Hornbeck,* 127 AD2d 905). Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.