■ JORDAN SHABOT, an Infant, by His Parent and Natural Guardian, JAN SHABOT, et al., Respondents, v EAST RAMAPO SCHOOL DISTRICT et al., Appellants. [703 NYS2d 268] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Rockland County (Miller, J.), dated February 24, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The twelve-year-old plaintiff Jordan Shabot was injured during his seventh grade physical education class when he collided with another student while playing football, as the two students ran down the field. The court denied the defendants' motion for summary judgment on the ground that there were questions of fact regarding whether the students were playing touch football as instructed, or tackle football, and whether there was adequate supervision. We reverse.

Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44), they are not insurers of safety, and cannot be held liable for "every thoughtless or careless act by which one pupil may injure another" (*Lawes v Board of Educ.,* 16 NY2d 302, 306). Even accepting as true the evidence favoring the injured plaintiff, we find, nevertheless, that his injury resulted from the spontaneous and unforeseeable act of two students colliding, an event which might have occurred regardless of the type of football they played, and which could not have been anticipated in the reasonable exercise of the defendants' legal duty to the injured plaintiff (*see, Checchia v Port Washington U.F.S.D.,* 253 AD2d 839; *see also, Danna v Sewanhaka Cent. High School Dist.,* 242 AD2d 361). Under the circumstances, the plaintiffs failed, in response to the defendants' prima facie showing of entitlement to judgment as a matter of law, to raise a triable issue of fact (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.