■ RICHARD HERNANDEZ et al., Respondents, v CHRISTOPHER ROBIN ACADEMY, Appellant. [714 NYS2d 518] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated February 7, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff (hereinafter the plaintiff), a fifth-grade student at the defendant, Christopher Robin Academy, allegedly sustained physical injuries when he was pushed to the ground by a 10th-grade student who was apparently attempting to break up a fight between the plaintiff and another fifth-grade student during school recess.

Although schools are under a duty to adequately supervise the students in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44), they are not insurers of their students' safety, and cannot be held liable for "every thoughtless or careless act by which one pupil may injure another" (*Lawes v Board of Educ.,* 16 NY2d 302, 306). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra,* at 49).

The defendant sustained its burden of establishing that it

had no actual or constructive notice of prior similar conduct by the 10th-grader who pushed the plaintiff, and that it could not have reasonably foreseen that the 10th-grader would try to break up a fight between fifth-graders by pushing the plaintiff to the ground (*see, Gibiser v LaSalle Ctr.*, 258 AD2d 439; *Kennedy v Seaford Union Free School Dist. No. 6*, 250 AD2d 574; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361; *Moores v City of Newburgh School Dist.*, 237 AD2d 265). Furthermore, there is no evidence that the supervising teacher had "notice of a particular danger at a particular time" (*Lawes v Board of Educ., supra*, at 306). Under these circumstances, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.