■ CARMEN BERDECIA, Individually and as Mother and Natural Guardian of CHARLES VALENTIN, an Infant, Respondent, v CITY OF NEW YORK et al., Respondents, and ST. CHRISTOPHER-OTTILIE et al., Appellants. [735 NYS2d 554] —In an action to recover damages for personal injuries, etc., the defendants St. Christopher-Ottilie and Center For Family Life In Sunset Park appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 3, 2000, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they did not breach their duty to adequately supervise the infant plaintiff during an after-school program in which he was enrolled. The appellants established prima facie their entitlement to judgment as a matter of law and the plaintiffs failed to raise an issue of fact. The infant plaintiff was injured when he slipped and fell while engaged in normal play on a "monkey-bars" apparatus in a schoolyard during an after-school program operated by the appellants. Two supervisors employed by the appellants were approximately 15 feet away from the infant plaintiff when they saw him fall. At least one other supervisor was within the same complex of playground equipment, and two additional adult volunteers were assigned to supervise the group of 25 to 30 children of which the infant plaintiff was a member. Furthermore, the infant plaintiff was not engaged in any rough or inappropriate play prior to the accident (*cf., Vonungern v Morris Cent. School,* 240 AD2d 926), and the appellants were not on notice of any horseplay or defective condition

so as to warrant closer supervision or intervention. Accordingly, the degree of supervision afforded by the appellants was reasonable and adequate under the circumstances, and the infant plaintiff's injury was not proximately caused by a lack of supervision (*see, Billinger v Board of Educ.*, 271 AD2d 630; *Shabot v East Ramapo School Dist.*, 269 AD2d 587; *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650).

Since the appellants were not at fault in the happening of the accident, they are also entitled to dismissal of the cross claims for contribution and contractual indemnification asserted against them.

The plaintiffs' remaining contention is without merit. Friedmann, J. P., Smith, Adams and Townes, JJ., concur.