■ DANIEL J. CALABRESE, an Infant, by His Parent and Natural Guardian, ANTHONY J. CALABRESE, et al., Appellants, v BALDWIN UNION FREE SCHOOL DISTRICT, Respondent, and DAVID SCHNEIDER, Appellant. [741 NYS2d 569] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated April 4, 2001, as granted that branch of the motion of the defendant Baldwin Union Free School District which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant David Schneider separately appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendant Baldwin Union Free School District which was for summary judgment dismissing all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

On February 14, 1997, the infant plaintiff, a seventh grade student at Baldwin Middle School, was injured when he allegedly was pushed by a fellow classmate, the defendant David Schneider. After the incident, the plaintiffs commenced this action against the defendants Baldwin Union Free School District (hereinafter the District) and David Schneider, alleging that the District was negligent in its supervision of the infant plaintiff, that the District negligently maintained the gym and its sports equipment, and that Schneider negligently and recklessly caused the infant plaintiff's injuries. The Supreme Court granted the District's motion for summary judgment dismissing the complaint and all cross claims insofar as against it, finding that Schneider's act was impulsive and unanticipated, and that the plaintiffs' claim that the District failed to adequately maintain the gym and its sports equipment was without merit. We affirm.

While schools are under a duty to adequately supervise the students in their care, they are not insurers of the students' safety since they cannot reasonably be expected to continuously supervise and control all of their movements and activities (*see Mirand v City of New York,* 84 NY2d 44, 49). To establish a cause of action to recover damages for breach of the duty to provide adequate supervision, a plaintiff must demonstrate that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York,* 84 NY2d at 49). "Actual or constructive notice to the school of prior similar conduct is generally required," and "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence" (*Mirand v City of New York,* 84 NY2d at 49). A plaintiff must also establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (*see Mirand v City of New York,* 84 NY2d at 50). We agree with the Supreme Court that the District established its prima facie entitlement to summary judgment and that none of the evidence submitted by the plaintiffs raised an issue of fact as to whether the District had actual or constructive notice of prior similar conduct on the part of Schneider (*see O'Neal v Archdioceses of N.Y.,* 286 AD2d 757; *Convey v City of Rye School Dist.,* 271 AD2d 154; *Kennedy v Seaford Union Free School Dist. No. 6,* 250 AD2d 574; *Moores v City of Newburgh School Dist.,* 237 AD2d 265). Accordingly, the District was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.