■ RICHARD WINSCHE, Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent, et al., Defendants. [757 NYS2d 774] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), entered February 19, 2002, which granted the motion of the defendant Town of North Hempstead for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant Town of North Hempstead demonstrated its entitlement to judgment as a matter of law by submitting evidence that it neither created the alleged defective condition, caused the accident by its affirmative act of negligence, nor had prior written notice of the alleged defective condition of

the sidewalk which caused the plaintiff's injury (*see Hampton v Town of N. Hempstead,* 298 AD2d 556 [2002]; *Arias v City of New York,* 284 AD2d 354, 355 [2001]; *Estrada v City of New York,* 273 AD2d 194, 195 [2000]). Therefore it was incumbent upon the plaintiff to come forward with evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). We agree with the Supreme Court that the plaintiff did not meet his burden.

The affidavit of an expert, a licensed professional engineer, submitted by the plaintiff, was insufficient to defeat the motion for summary judgment because his opinion was speculative, conclusory, and unsubstantiated (*see Masterson v City of New York,* 272 AD2d 591 [2000]; *Glorioso v Schnabel,* 253 AD2d 787, 788 [1998]; *Ambrosio v South Huntington Union Free School Dist.,* 249 AD2d 346 [1998]). Accordingly, the plaintiff failed to raise a triable issue of fact with respect to the Town's notice of the alleged dangerous condition, and summary judgment was properly granted (*see Alvarez v Prospect Hosp., supra* at 324). Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.