■ Maritza Francisquini et al., Respondents, v New York City Board of Education, Appellant. [759 NYS2d 535] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), entered June 24, 2002, which, upon a jury verdict finding it 100% at fault in the happening of the accident, and upon the denial of that branch of its motion which was pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence, is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

On July 29, 1993, the infant plaintiff Christine Loubriel, a seven-year-old first-grader, was swinging on the "jungle gym" in the playground of her summer school when a boy allegedly was pushed into her, causing her to fall and sustain injuries to her right arm. According to the infant plaintiff, the boy who made contact with her and another boy had been "yelling, pushing each other, running around like any normal children will

do" for a period of approximately 10 to 15 minutes prior to her accident. At the time of the accident, a teacher and a teacher's assistant were supervising the children in the playground. The infant plaintiff's mother, Maritza Francisquini, commenced the instant action on the infant plaintiff's behalf alleging that the defendant failed to properly supervise her. Following a jury trial, the jury found the defendant 100% at fault in the happening of the accident. Thereafter, the defendant moved, inter alia, pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiffs failed to present a prima facie case. The Supreme Court denied that branch of the motion. We reverse.

The Supreme Court erred in denying that branch of the defendant's posttrial motion which was for judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiffs (*see Mirand v City of New York,* 84 NY2d 44, 50 [1994]; *Alexander v Eldred,* 63 NY2d 460, 464 [1984]), "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]) that the defendant's supervision was inadequate or that the defendant's conduct was the proximate cause of the happening of the accident (*see Cimafonte v Levittown Bd. of Educ.,* 299 AD2d 445 [2002]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.,* 289 AD2d 211 [2001]; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355 [2001]; *Chambers v Roosevelt Union Free School Dist.,* 260 AD2d 594 [1999]; *cf. Vonungern v Morris Cent. School,* 240 AD2d 926 [1997]).

Thus, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiffs failed to present a prima facie case. Florio, J.P., H. Miller, Adams and Rivera, JJ., concur.