In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 29, 2002, which granted the motion of the defendant Mark Howell, an infant, by his parent and natural guardian, Harry Howell, for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the separate motion of the defendants West Islip Union Free School District, Udall Road Middle School, and Fatricia Lang for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49 [1994]), they are not insurers of safety, and cannot be held liable for “every thoughtless or careless act by which one pupil may injure another” (Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 306 [1965]). Even accepting as true the evidence favoring the plaintiffs, it is clear that the infant plaintiffs injury resulted from a spontaneous and unforeseeable collision with a fellow student during a physical education class. The defendants West Islip Union Free School District, Udall Road Middle School, and Fatricia Lang (hereinafter the school defendants) demonstrated their entitlement to summary judgment by establishing *492 that the incident could not have been anticipated in the reasonable exercise of their legal duty to the infant plaintiff (see Shabot v East Ramapo School Dist., 269 AD2d 587 [2000]; see also Checchia v Port Washington U.F.S.D., 253 AD2d 839 [1998]). Since the plaintiffs failed to raise a triable issue of fact in response to the school defendants’ showing, the Supreme Court correctly granted summary judgment in favor of those defendants (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Furthermore, the Supreme Court correctly granted summary judgment in favor of the defendant Mark Howell, an infant, by his parent and natural guardian, Harry Howell, since he, prima facie, established that he did not deviate from the degree of care expected of a child of similar age, intelligence, and experience in participating in the gym class, and the plaintiffs failed to raise a triable issue of fact in opposition thereto (see e.g. Simcha v Simcha, 292 AD2d 591, 592 [2002]; Sorto v Flores, 241 AD2d 446, 447 [1997]). Santucci, J.E, Krausman, Schmidt and Cozier, JJ., concur.