■ JOSE CANALES et al., Respondents, v FINLEY MIDDLE SCHOOL, HUNTINGTON UNION FREE SCHOOL DISTRICT No. 3, Respondent-Appellant, HUNTINGTON COACH CORPORATION et al., Appellants-Respondents, et al., Defendants. [770 NYS2d 746]—

In an action to recover damages for personal injuries, etc., the defendants Huntington Coach Corporation and Claude DeFay appeal from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered January 9, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Finley Middle School, Huntington Union Free School District No. 3, cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, the motion of the defendants Huntington Coach Corporation and Claude DeFay, and the motion of the defendant Finley Middle School, Huntington Union Free School District No. 3, are granted, the complaint is dismissed insofar as asserted against the appellants-respondents and the respondent-appellant, all cross claims insofar as asserted against the respondent-appellant are dismissed, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents and the respondent-appellant.

Finley Middle School, Huntington Union Free School District No. 3 (hereinafter the school district), established its prima facie entitlement to judgment as a matter of law by demonstrat-

ing that the sudden and unforeseen act which caused the infant plaintiff's injuries could not have been prevented by any reasonable degree of supervision. In response, the plaintiffs failed to raise a triable issue of fact (*see Velez v Freeport Union Free School Dist.,* 292 AD2d 595 [2002]; *Nossoughi v Ramapo Cent. School Dist.,* 287 AD2d 444 [2001]; *Janukajtis v Fallon,* 284 AD2d 428, 430 [2001]; *Convey v City of Rye School Dist.,* 271 AD2d 154, 160 [2000]). Accordingly, the Supreme Court should have granted the school district's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see Francisquini v New York City Bd. of Educ.,* 305 AD2d 455 [2003]; *Morman v Ossining Union Free School Dist.,* 297 AD2d 788 [2002]).

Moreover, the Supreme Court should have granted the motion of the bus company, the defendant Huntington Coach Corporation, and the bus driver, the defendant Claude DeFay, since in response to their demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to submit sufficient evidence to raise a triable issue of fact as to whether their alleged negligence was a proximate cause of the infant plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308 [1980]; *Nocilla v Middle Country Cent. School Dist.,* 302 AD2d 573 [2003]; *Thomas v United States Soccer Fedn.,* 236 AD2d 600 [1997]). Florio, J.P., Smith, Luciano and Rivera, JJ., concur.