■ MICHAEL M. TANON et al., Appellants, v PATRICK EPPLER et al., Respondents. [774 NYS2d 718]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated January 2, 2003, as granted that branch of the motion of the defendant Dwarf-Giraffe Athletic League of Whitestone which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendants Al Eppler and Maura Eppler which was for summary judgment dismissing the complaint insofar as asserted against Al Eppler.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The infant plaintiff, Michael M. Tanon, was injured during a roller hockey game sponsored by the defendant Dwarf-Giraffe Athletic League of Whitestone (hereinafter D-G) when the infant defendant, Patrick Eppler, a player on the opposing team, hit him over the head with his hockey stick. The plaintiffs commenced this action against D-G, among others, in which they alleged, inter alia, that D-G failed to provide adequate supervision.

The Supreme Court properly granted that branch of D-G's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Liability for negligent supervision "does not lie absent a showing that it constitutes a proximate cause of the injury sustained" (*Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Lopez v Freeport Union Free School Dist.*, supra; *Janukajtis v Fallon*, 284 AD2d 428 [2001]).

D-G met its prima facie burden of demonstrating that the alleged inadequate supervision was not the proximate cause of the infant plaintiff's injuries, as the evidence established that the incident occurred suddenly and without warning. There was nothing in the prior history of the infant plaintiff or infant defendant or in the conduct of the game which would suggest that the incident was foreseeable (*see Thomas v United States Soccer Fedn.*, 236 AD2d 600 [1997]).

The plaintiffs failed to present evidence sufficient to raise a triable issue of fact with respect to their contention that the failure to adequately train D-G's referees and to provide a second referee for the game was the proximate cause of the infant plaintiff's injuries. The affidavit of the plaintiff's expert has no probative value as his ultimate conclusions are not supported by the evidence in the record, and he failed to discuss in particular the standards for referees applicable to organizations such as D-G (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

The Supreme Court also properly granted that branch of the cross motion which was to dismiss the negligent entrustment and negligent supervision claims asserted against the infant defendant's father, Al Eppler (*see Rios v Smith*, 95 NY2d 647 [2001]; *LaTorre v Genesee Mgt.*, 90 NY2d 576 [1997]). Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.