■ REGINA BIONDOLILLO et al., Respondents, v CITY OF NEW YORK et al., Defendants, and TWEETY DAY CARE, Appellant. [786 NYS2d 323]—

In an action to recover damages for personal injuries, etc., the defendant Tweety Day Care appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated January 23, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed in its entirety.

The infant plaintiff was injured when he fell from monkey bars located in a Queens park while engaged in a day care program operated by the defendant Tweety Day Care (hereinafter Tweety). Tweety established its prima facie entitlement to judgment as a matter of law by demonstrating that the infant plaintiff's injuries were not proximately caused by any lack of supervision on its part (*see David v County of Suffolk,* 295 AD2d 556 [2002], *affd* 1 NY3d 525 [2003]; *Berdecia v City of New York,* 289 AD2d 354 [2001]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.,* 289 AD2d 211 [2001]). Since the plaintiffs failed to raise a triable issue of fact in response, Tweety's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Santucci, J.P., H. Miller, Spolzino and Skelos, JJ., concur.