■ JAMES CERRATO, JR., et al., Respondents, v GEORGE CARAPELLA, Respondent, and SHOW PLACE BOWLING CENTER, INC., Also Known as SHOW PLACE BOWLING CENTER and BOWLING CENTER, Appellant. [804 NYS2d 402]—

In an action to recover damages for personal injuries, etc., the defendant Show Place Bowling Center, Inc., also known as Show Place Bowling Center and Bowling Center appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated October 8, 2004, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The infant plaintiff was injured while attending a birthday party at a bowling center operated by the appellant. The accident occurred when a bowling ball fell from a rack onto the floor, and then bounced up, hitting the infant plaintiff in the face. The infant plaintiff recalled that he was simply standing near the rack when the ball fell, and that he did not touch any of the balls on the rack before the accident. Approximately 10 years after the accident, the plaintiffs commenced this action alleging that the appellant negligently supervised the children at the birthday party. The appellant subsequently moved for summary judgment, contending that the birthday party was adequately supervised, and that the accident occurred so quickly that it could not have been prevented by more intense supervision. The Supreme Court denied the motion on the ground that there was an issue of fact as to whether the accident could have been prevented had a lane attendant been present to supervise the children as they bowled. We reverse.

Liability for negligent supervision "does not lie absent a showing that it constitutes a proximate cause of the injury sustained" (*Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607 [2004]; *Tanon v Eppler*, 5 AD3d 667, 668 [2004]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not a proximate cause of the injury" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Siegell v Herricks Union Free School Dist., supra; Tanon v Eppler, supra*). Here, the appellant established its prima facie entitlement to judgment as a matter of law by demonstrating that the accident occurred suddenly and without warning, and could not have been prevented by any reasonable degree of supervision (*see Biondolillo v City of New York,* 13 AD3d 568 [2004]; *Canales v Finley Middle School, Huntington Union Free School Dist. No. 3,* 3 AD3d 515 [2004]; *Cimafonte v Levittown Bd. of Educ.,* 299 AD2d 445 [2002]; *Berdecia v City of New York,* 289 AD2d 354 [2001]; *Lopez v Freeport Union Free School Dist., supra*). The plaintiffs' allegation that no lane attendant was present when the bowling ball fell from the rack was insufficient to raise a triable issue of fact as to whether greater supervision could have prevented this sudden and unforeseen occurrence. S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.