■ Joseph Bari, Respondents, v City of New York et al., Appellants, et al., Defendants. [811 NYS2d 782]—

In an action to recover damages for personal injuries, etc., the defendants City of New York and Board of Education of the City of New York appeal from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered August 8, 2004, which, upon a jury verdict finding them to be 80% at fault in the happening of the accident, and upon the denial of that branch of their motion which was pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed, on the law, with costs, that branch of the motion of the defendants City of New York and Board of Education of the City of New York which was pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law is granted, and the complaint is dismissed.

The infant plaintiff, Joseph Bari, a fifth-grade student, was injured during a luncheon recess when the defendant Terrell Cudjoe tripped him while playing a game of "suicide," a variation of handball. The infant plaintiff's mother, Mary Jean Bari, commenced the instant action alleging, inter alia, that the defendants City of New York and Board of Education of the City of New York (hereinafter collectively the appellants) were negligent in "failing to properly supervise the students." Following a jury trial, the jury found the appellants to be 80% at fault in the happening of the accident. Thereafter, the appellants moved, inter alia, pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law on the ground that the plaintiffs failed to present a prima facie case. The Supreme Court denied that branch of the motion. We reverse.

The Supreme Court erred in denying that branch of the appellants' posttrial motion which was to set aside the verdict and for judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiffs (see *Mirand v City of New York*, 84 NY2d 44, 50 [1994]), "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]) that the appellants' supervision was inadequate or that their conduct was the proximate cause of the

infant plaintiff's injuries (*see Francisquini v New York City Bd. of Educ.*, 305 AD2d 455, 456 [2003]; *see also Cerrato v Carapella*, 22 AD3d 701 [2005]; *Macalino v Elmont Union Free School Dist.*, 18 AD3d 625 [2005]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 608-609 [2004]; *Tanon v Eppler*, 5 AD3d 667, 668 [2004]).

In light of our determination, we need not reach the appellants' remaining contentions. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.