■ JOSEPH REARDON et al., Respondents, v CARLE PLACE UNION FREE SCHOOL DISTRICT, Appellant. [813 NYS2d 150]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated September 6, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

During lunch recess on June 3, 2003 the 11-year-old infant plaintiff allegedly was injured in the playground of Rushmore Avenue Intermediate School when he jumped off a swing in midair. The plaintiffs subsequently commenced this action, inter alia, to recover damages for personal injuries, alleging that the accident was proximately caused by negligent supervision on the part of the defendant's monitors assigned to the playground area. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

The defendant established its prima facie entitlement to judgment as a matter of law by showing that the accident occurred suddenly and without warning, and could not have been prevented by any reasonable degree of supervision (*see Cerrato v Carapella*, 22 AD3d 701 [2005]; *Berdecia v City of New York*, 289 AD2d 354 [2001]). The defendant's witness, Mary Dowsett, testified at her deposition that, from a distance of only about two car lengths, she was monitoring the children who were using the swings in the school playground when the infant plaintiff, who had been swinging back and forth without incident, suddenly "flew off the swing." Where, as here, an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not a proximate cause of the injury (*see Cerrato v Carapella, supra; Tanon v Eppler*, 5 AD3d 667, 668 [2004]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355 [2001]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether inadequate supervision was a proximate cause of the accident (*see Tanon v Eppler, supra; Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d 581 [2003]). The fact that the infant plaintiff had successfully jumped off the swing at the bottom of its arc approximately five minutes before the accident, apparently without being seen, is insufficient, standing alone, to raise a triable issue of fact as to whether he had been engaging in a prohibited activity "for an extended period of time" and whether "more intense supervision may have prevented the accident" (*cf. Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328 [2004]).

In light of our determination, we need not reach the defendant's remaining contention. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.