■ MARIA MAYER et al., Appellants, v MAHOPAC CENTRAL SCHOOL DISTRICT, Respondent. [815 NYS2d 189]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), entered June 17, 2005, which, upon an order of the same court dated March 14, 2005 granting the defendant's motion for summary judgment, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The injured plaintiff's accident occurred while playing floor hockey in a school gymnasium during a physical education class. According to the injured plaintiff, he was controlling the ball when he tripped over a hockey stick that another student had thrown in the direction of the ball and had landed between his legs. The injured plaintiff and his mother commenced this action against the defendant Mahopac Central School District (hereinafter the School District) alleging, inter alia, negligent supervision.

The Supreme Court properly granted the School District's motion for summary judgment dismissing the complaint. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 608 [2004]). Even assuming there is a question of fact as to the adequacy of supervision, "liability for any such negligent supervision does not lie absent a showing that it constitutes a proximate cause of the injury sustained" (*Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *see Siegell v Herricks Union Free School Dist., supra; Tanon v Eppler*, 5 AD3d 667, 668 [2004]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 385 [2003]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the School defendants is warranted" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Siegell v Herricks Union Free School Dist., supra; Tanon v Eppler, supra*). Accordingly, to find that a school district has breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, a plaintiff must show that the school "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49).

The School District met its prima facie burden of demonstrating that the alleged inadequate supervision was not the proximate cause of the injured plaintiff's accident and that it did not have any prior notice of any similar conduct involving these students to suggest that the incident was foreseeable (*see Tanon v Eppler, supra* at 668). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether inadequate supervision was a proximate cause of the injured plaintiff's accident.

The plaintiffs' expert affidavit was properly disregarded since the plaintiffs failed to identify the expert during pretrial disclosure (*see Safrin v DST Russian & Turkish Bath, Inc.*, 16 AD3d 656 [2005]). Moreover, the speculative and conclusory opinions contained in the expert's affidavit were insufficient to defeat summary judgment (*see Rosario v Trump Mgt.*, 7 AD3d 504 [2004]; *Winsche v Town of N. Hempstead*, 304 AD2d 756, 757 [2003]).

Here, the injured plaintiff's accident was caused by a "spontaneous and unforeseeable act committed by a fellow . . . student" (*Sangineto v Mamaroneck Union Free School Dist.*, 282 AD2d 596 [2001]; *see Siegell v Herricks Union Free School Dist., supra* at 608; *Wuest v Board of Educ. of Middle Country Cent. School Dist.*, 298 AD2d 578 [2002]; *Shabot v East Ramapo School Dist.*, 269 AD2d 587 [2000]). Under these circumstances, "no amount of supervision, however intense, would have succeeded in preventing this accident" (*Ancewicz v Western Suffolk BOCES*, 282 AD2d 632, 634 [2001]). Therefore, the School District was entitled to summary judgment dismissing the complaint. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.