■ Reymi De Los Santos et al., Respondents, v New York City Department of Education et al., Respondents, and Young Men's Christian Association of Greater New York, Doing Business as YMCA of Greater New York, Appellant. [840 NYS2d 91]—

In an action to recover damages for personal injuries, etc., the defendant Young Men's Christian Association of Greater New York, doing business as YMCA of Greater New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated February 8, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable to the appellant by the plaintiffs-respondents, and that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

"Schools are not insurers of [their students'] safety . . . for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "Although schools are under a duty to adequately supervise the students in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, they are not insurers of their students' safety, and cannot be held liable for 'every thoughtless or careless act by which one pupil may injure another'. 'In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had *sufficiently specific knowledge or notice of the dangerous conduct which caused injury*; that is, that the third-party acts could reasonably have

been anticipated' " (*Hernandez v Christopher Robin Academy*, 276 AD2d 592, 592 [2000] [emphasis added; citations omitted]). The appellant, as a provider of an after-school program, owed to the students in its charge the same duty of care and supervision owed by a reasonably prudent parent under the circumstances (*see Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327 [2004]).

On the afternoon of May 29, 2002 the nine-year old infant plaintiff (hereinafter the plaintiff) was participating in an after-school program conducted by the appellant at P.S. 169 in Brooklyn (hereinafter the program). According to the plaintiff's deposition testimony, submitted in support of the appellant's motion, after the children enrolled in the program finished their snacks and homework, they were taken either to a small lunchroom or a gymnasium where the counselors allowed them "free time." According to the plaintiff, two of the three counselors present that day accompanied them to their "free time" activities, which generally included such games as basketball and tag. On the day of the accident, one of the other children in the program suggested that the children play a game. In the game, the children would hold each other's hands, forming two lines or "human chains," facing each other. The object of the game was for a child whose name was called to run "through the hands" of the children on the opposing line to break the chain. After the game had continued for approximately 20 minutes, the plaintiff's name was called and when he proceeded to break through the chain, he fell to the ground. While the plaintiff was lying there, another child fell on top of him. As a result, the plaintiff sustained a fractured knee.

The appellant established its prima facie entitlement to summary judgment by demonstrating that it was not on notice that the children were engaged in dangerous or inappropriate play so as to warrant closer supervision or intervention (*see Berdecia v City of New York*, 289 AD2d 354 [2001]). Accordingly, the degree of supervision afforded by the appellant was reasonable and adequate under the circumstances, and the plaintiff's injury was not proximately caused by a lack of supervision (*see Berdecia v City of New York, supra; Billinger v Board of Educ. of Amityville Union Free School Dist.*, 271 AD2d 630 [2000]; *Shabot v East Ramapo School Dist.*, 269 AD2d 587 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Lovelace v City of New York*, 232 AD2d 534 [1996]). The testimony of one of the appellant's employees who was not present during free time and neither saw the game played at P.S. 169, nor discussed it with the counselors present at the time of

the accident was insufficient to raise a triable issue of fact that the appellant had "sufficiently specific knowledge or notice of the [allegedly] dangerous conduct which caused injury" (*Hernandez v Christopher Robin Academy, supra* at 592) or that the infant plaintiff was engaged in anything other than normal play at the time of the accident (*see Botti v Seaford Harbor Elementary School Dist. 6*, 24 AD3d 486 [2005]).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.