▮ BRANDON RAGUSA et al., Appellants, v TOWN OF HUNTINGTON, Respondent, et al., Defendant. [864 NYS2d 441]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 2, 2006, which granted the motion of the defendant Town of Huntington for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for summary judgment on the issue of liability insofar as asserted against the defendant Town of Huntington.

Ordered that the order is affirmed, with costs.

The infant plaintiff, who attended a camp operated by the defendant Town of Huntington, alleged that a fellow camper was dropping a rock onto other rocks when he accidentally dropped the rock on the infant plaintiff's hand. Camp employees have a duty to supervise their campers as reasonably prudent parents would supervise their children under the same circumstances (*see Mirand v City of New York,* 84 NY2d 44 [1994]; *De Los Santos v New York City Dept. of Educ.,* 42 AD3d 422 [2007]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow [campers], it must be established that [camp] authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York,* 84 NY2d at 49; *see Nocilla v Middle Country Cent. School Dist.,* 302 AD2d 573 [2003]; *Morman v Ossining Union Free School Dist.,* 297 AD2d 788 [2002]; *Janukajtis v Fallon,* 284 AD2d 428 [2001]; *Convey v City of Rye School Dist.,* 271 AD2d 154 [2000]). Here, the Town established its entitlement to judgment as a matter of law by submitting evidence

sufficient to demonstrate that this unanticipated incident could not have been avoided by any reasonable degree of supervision (*see Ronan v School Dist. of City of New Rochelle*, 35 AD3d 429 [2006]; *Cimafonte v Levittown Bd. of Educ.*, 299 AD2d 445 [2002]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.