■ ALBERT SALTA, JR., et al., Appellants, v ZHI FAN CHEN et al., Appellants, and EILEEN JOHNSON, Respondent. [901 NYS2d 704]—

In an action to recover damages for personal injuries, etc., the defendants Zhi Fan Chen and Richard K. Wun appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 30, 2008, which granted the motion of the defendant Eileen Johnson for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, and the plaintiffs separately appeal, as limited by their briefs, from so much of the same order as granted that branch of the motion of the defendant Eileen Johnson which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the appeal by the defendants Zhi Fan Chen and Richard K. Wun from so much of the order as granted that branch of the motion of the defendant Eileen Johnson which was for summary judgment dismissing the complaint insofar as asserted against her is dismissed, as those defendants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed on the appeal by the defendants Zhi Fan Chen and Richard K. Wun, and insofar as appealed from by the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the defendant Eileen Johnson.

According to undisputed deposition testimony, Albert Salta, Jr., the six-year-old infant plaintiff (hereinafter Albert), was playing in front of the house of his neighbor, the defendant Eileen Johnson, with Johnson's three children, while his mother was talking to Johnson. Albert's mother told Albert that she had to go home. Johnson informed the mother that Albert could stay with Johnson. After Albert's mother crossed the street to go home, Albert suddenly ran into the street after her, and was struck by a car, sustaining injuries.

The Supreme Court properly granted Johnson's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Johnson made a prima facie showing of entitlement to judgment as a matter of law by establishing that she provided Albert with adequate supervision and, in any event, that any alleged inadequacy in the level of supervision was not a proximate cause of the accident (*see Paragas v Comsewogue Union Free School Dist.*, 65 AD3d 1111, 1111-1112 [2009]; *Troiani v White Plains City School Dist.*, 64 AD3d 701, 701-702 [2009]; *De Los Santos v New York City Dept. of Educ.*, 42 AD3d 422, 423 [2007]; *Berdecia v City of New York*, 289 AD2d 354, 354-355 [2001]). In opposition, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.