GERALDINE V. MCCARTHY et al., Respondents, v DANIEL R. JONES et al., Appellants. [30 NYS3d 332]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated May 5, 2015, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the complaint is granted.

On June 20, 2012, the plaintiff Geraldine V. McCarthy (hereinafter the injured plaintiff) allegedly was injured when she fell from the top of a two-step stoop while exiting a home owned by the defendants. After the accident, the injured plaintiff, and her husband suing derivatively, commenced this action. The Supreme Court, inter alia, denied the defendants' cross motion for summary judgment dismissing the complaint, and the defendants appeal.

The plaintiffs' contention that the Supreme Court should not have considered the defendants' cross motion because it was untimely is without merit.

Turning to the merits of the cross motion, the defendants demonstrated their prima facie entitlement to judgment as matter of law by submitting, inter alia, a transcript of the injured plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her accident without engaging in speculation (see Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 864 [2015]; Blocker v Filene's Basement #51-00540, 126 AD3d 744, 746 [2015]; Grossi v Ralph Aievoli & Son, Inc., 125 AD3d 803 [2015]; Navarre v Ketcham, 122 AD3d 811 [2014]). Contrary to the Supreme Court's determination, the plaintiffs' submissions in opposition to the cross motion did not raise a triable issue of fact. Since the injured plaintiff did not know what caused her to fall, it would be speculative to find that any of the alleged violations of certain building codes or dangerous conditions noted in the affidavit of the plaintiffs' expert engineer proximately caused her fall (see Antelope v Saint Aidan's Church, Inc., 110 AD3d 1020, 1022 [2013]; Murphy v New York City Tr. Auth., 73 AD3d 1143, 1144 [2010]; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660 [2007]).

Accordingly, the Supreme Court should have granted the defendants' cross motion for summary judgment dismissing the

complaint. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.