J.H. v City of New York (2019 NY Slip Op 01747)





J.H. v City of New York


2019 NY Slip Op 01747


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-09593
 (Index No. 22003/13)

[*1]J.H., etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendants.


Nwokoro & Associates, P.C., New York, NY (Chukwuemeka Nwokoro of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Melanie T. West of counsel; Donald J. Butterworth on the brief), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated June 16, 2017. The order granted the motion of the defendants City of New York and New York City Department of Education for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross motion pursuant to CPLR 3126 to strike the answer of those defendants.
ORDERED that the order is affirmed, with costs.
On January 20, 2012, the infant plaintiff, a seventh-grade student at John Jay Secondary School for Law in Brooklyn, was waiting in line in the cafeteria when he placed his right hand out an open window and a fellow student at the school closed the window on his hand, severing the tip of his right index finger. The infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, commenced this action against, among others, the defendants City of New York and New York City Department of Education (hereinafter together the City defendants), alleging negligent supervision. The City defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs cross-moved pursuant to CPLR 3126 to strike the City defendants' answer. The Supreme Court granted the motion and denied the cross motion. The plaintiffs appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49). Even if there is a triable issue of fact as to the adequacy of supervision, " liability for any such negligent supervision does not lie absent a showing that it constitutes a proximate cause of the injury sustained'" (Mayer v Mahopac Cent. School Dist., 29 AD3d 653, 654, quoting Lopez v Freeport Union Free School Dist., 288 AD2d 355, 356; see Siegell v Herricks Union Free School Dist., 7 AD3d 607, 608-609). Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not a proximate cause of the injury (see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 833; Tanenbaum v Minnesauke Elementary School, 73 AD3d 743, 744; [*2]Convey v City of Rye School Dist., 271 AD2d 154, 160).
Here, the City defendants met their prima facie burden of demonstrating that any alleged inadequate supervision of the infant plaintiff was not a proximate cause of the injuries sustained by the infant plaintiff (see Convey v City of Rye School Dist., 271 AD2d at 160). In opposition, the plaintiffs failed to raise a triable issue of fact as to causation (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination to grant the City defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
We also agree with the Supreme Court's determination to deny the plaintiffs' cross motion pursuant to CPLR 3126 to strike the City defendants' answer. It is undisputed that the plaintiffs filed their note of issue and certificate of readiness before filing their cross motion seeking discovery sanctions pursuant to CPLR 3126. By filing the note of issue and certificate of readiness prior to moving pursuant to CPLR 3126 for the imposition of a discovery sanction, the plaintiffs waived any objection to the City defendants' failure to meet their disclosure obligations (see Iscowitz v County of Suffolk, 54 AD3d 725; Melcher v City of New York, 38 AD3d 376, 377; Brown v Veterans Transp. Co., 170 AD2d 638, 639).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court