C.M. v Gasiorowski (2019 NY Slip Op 05117)





C.M. v Gasiorowski


2019 NY Slip Op 05117


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-13384
 (Index No. 68676/14)

[*1]C.M., etc., et al., respondents,
v
Krzysztof Gasiorowski, et al., appellants.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for appellants.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated September 27, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The infant plaintiff allegedly was injured when she fell from a swing in the defendants' backyard. Thereafter, the infant plaintiff, by her mother, and her mother individually, commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. By order dated September 27, 2017, the Supreme Court denied the defendants' motion. The defendants appeal.
The Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. In support of their motion, the defendants submitted, inter alia, a transcript of the infant plaintiff's deposition testimony. The infant plaintiff, who was 13 years old when the incident occurred, testified that she did not know what caused her to fall off the swing. This evidence demonstrated that the infant plaintiff was unable to identify the cause of the incident without engaging in speculation (see Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 874; McCarthy v Jones, 139 AD3d 682, 682). The plaintiffs' submissions in opposition, including the affidavit of their expert, failed to raise a triable issue of fact in this regard. Since the infant plaintiff did not know what caused her to fall, it would be speculative to find that the design of the swing's seat proximately caused her fall (see McCarthy v Jones, 139 AD3d at 682). Moreover, to the extent the complaint is premised on a theory that the defendants' negligent supervision proximately caused the incident, the defendants demonstrated, prima facie, that the incident occurred suddenly and without warning and could not have been prevented by any reasonable degree of supervision (see Reardon v Carle Place Union Free School Dist., 27 AD3d 635, 636). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether inadequate supervision was a proximate cause of the incident (see id. at 636).
AUSTIN, J.P., LEVENTHAL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court