■ ELIJAH CHAMBERS, an Infant, by His Mother and Natural Guardian, LUCY CHAMBERS, et al., Appellants, v ROOSEVELT UNION FREE SCHOOL DISTRICT, Respondent. [689 NYS2d 171] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 12, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 23, 1995, the infant plaintiff fell from a set of so-called "monkey bars" after being kicked by another youngster. "Where injuries are caused by the intentional acts of fellow students, imposition of liability upon [a] school under a theory of negligent supervision is justified when a plaintiff can show, usually by virtue of the school's prior knowledge or notice of the dangerous conduct which caused the injury, that the acts of the fellow student could reasonably have been anticipated" (Schrader v Board of Educ., 249 AD2d 741, 742; see also, Gibiser v LaSalle Ctr., 258 AD2d 439; Nelson v Sachem Cent. School Dist., 245 AD2d 434). The plaintiff failed to raise a triable issue of fact with regard to this standard.

The plaintiffs also seek to impose liability on the alternative theory that the defendant negligently failed to adequately cushion the surface of the ground underneath the monkey bars in question. The plaintiffs rely principally upon the affidavit of an expert who opined, inter alia, that there should have been at least nine inches of fine sand under the monkey bars. This expert claimed to have measured the sand underneath the monkey bars, and to have found a thickness of approximately 2½ inches. This affidavit is fatally defective in that it failed to state when the expert conducted his inspection and failed to

describe the condition of the ground under the monkey bars as of the date of the accident (*see generally, Romano v Stanley,* 90 NY2d 444; *see also, Tashjian v Strong & Assocs.,* 225 AD2d 907). For these reasons, we find that there is no issue of fact requiring a trial with respect to the plaintiffs' alternative theory. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.