■ KATHLEEN CRONIN et al., Appellants, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Doing Business as STAGE COACH ELEMENTARY SCHOOL, Respondent. [700 NYS2d 60] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 24, 1998, which granted the

defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff (hereinafter the plaintiff), nine years old at the time of the accident, was injured at school when she fell from a swing during recess, and her head allegedly struck the concrete anchor of one of the swing's uprights. The plaintiff went to the nurse's office twice, the first time receiving an ice pack which the plaintiff herself placed on her head (not her neck). On the second occasion, the nurse was out. The plaintiff returned to her classroom for the remainder of the day. After spending the after-school hours at a babysitter's house, the plaintiff was picked up by her mother and brought home, where she complained that her neck was bothering her. Eventually she was taken to a hospital where it was determined that she had sustained cervical subluxation of the C-2 and C-3 vertebrae which required a wiring and fusion of the vertebrae with hip allograft. The plaintiffs brought this action against the school to recover damages for negligence based on premises liability, negligent supervision, and medical malpractice. Following depositions, the court granted the defendant's motion for summary judgment. We affirm.

To establish a prima facie case of negligence, a plaintiff must demonstrate, *inter alia*, a duty owed by the defendant to the plaintiff and a breach thereof (*see, Solomon v City of New York,* 66 NY2d 1026). In support of its motion for summary judgment, the defendant established that it met its duty of care to the plaintiff, and hence its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition, the plaintiff relied on the hearsay statements contained in the affidavit of her mother, as well as the expert opinion of an engineer who visited the site almost three years after the accident occurred. Neither of these affidavits was sufficient to raise a triable issue of fact regarding the condition of the ground beneath the swing at the time the accident took place, or that the defendant had notice of the allegedly dangerous condition (*see, McCarthy v State of New York,* 167 AD2d 516, 517; *see also, Zuckerman v City of New York,* 49 NY2d 557, 560).

In addition, the plaintiff failed to put forth any competent medical evidence that the failure to diagnose the serious neck injury exacerbated it (*see, Alvarez v Prospect Hosp., supra*; *Kruck v St. John's Episcopal Hosp.,* 228 AD2d 565), or that the supervision provided departed from what a parent of ordinary prudence would have provided under the circumstances (*see,*

*Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650). Accordingly, the court properly granted the defendant's motion for summary judgment motion dismissing the complaint. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.