■ CATHERINE LYNCH et al., Respondents, v CITY OF YONKERS et al., Appellants. [739 NYS2d 441] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 12, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

At the time of the accident, the nine-year-old infant plaintiff was at or near the front of a line of 12 to 14 of her fourth-grade classmates who were walking downstairs to exit their school at dismissal time. The students were supervised by their teacher at the back of the line. Owing to the configuration of the hallway, the teacher did not see the infant plaintiff fall.

In their notice of claim, verified by the infant plaintiff's mother and natural guardian, the plaintiffs contend that the infant plaintiff fell as a result of a "foreign substance" on the stairwell, improperly maintained railings, and lack of adequate supervision. At an examination before trial, the infant plaintiff gave sworn testimony that she slipped in a puddle of water, but got up. She claimed that after she walked down four additional steps, someone pushed her over the railing, causing her to sustain personal injuries. Based upon her own testimony, the proximate cause of the infant plaintiff's injuries was not the puddle of water, but rather, the action of another person in pushing her over the railing. The infant plaintiff was unable to identify the other person.

The defendants established their entitlement to judgment as a matter of law. To establish liability based upon lack of supervision for injuries resulting from the conduct of third parties, " 'it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated' " (*Hernandez v Christopher Robin Academy,* 276 AD2d 592, quoting *Mirand v City of New York,* 84 NY2d 44, 49). Since the third party who allegedly pushed the infant plaintiff over the railing was unidentified, such notice could not be established.

In any event, under the circumstances, supervision of 12 to 14 fourth-grade students by one classroom teacher is adequate (*see Mirand v City of New York, supra* at 49; *Janukajtis v Fal-*

*lon,* 284 AD2d 428, 429; *Tomlinson v Board of Educ. of City of Elmira,* 183 AD2d 1023, 1024). Moreover, the defendants further demonstrated that the railings did not violate the provisions of any applicable building code.

In opposition to the motion, the plaintiffs failed to submit any evidence that the supervision was inadequate or that the railings were defective. The plaintiffs' papers in opposition to the motion confined their theory of liability to the question of whether "the defendants herein provided reasonable supervision." Rather than asserting the issue of whether it was foreseeable that a third party would push the infant plaintiff over the railing, the plaintiffs introduced a new theory, set forth in an affidavit from a nonparty witness, who alleged that the infant plaintiff fell as she was leaning over the railing for approximately 30 seconds, while attempting to speak to another student below. That affidavit conflicted with the infant plaintiff's own version of the events. Such contradictory statements raised feigned factual issues which are insufficient to defeat a motion for summary judgment (*see Nieves v ISS Cleaning Servs. Group,* 284 AD2d 441). Even if the facts as alleged in the affidavit of the nonparty witness are true, there is still no evidence in this record of lack of adequate supervision on the part of the defendants.

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.