■ JAMES WASHINGTON, Respondent, v CITY OF YONKERS, Appellant. [742 NYS2d 316] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 6, 2001, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, and the complaint is dismissed.

Jasmine Washington was playing on a set of "monkey bars" located in Grant Park, Yonkers, when she fell and injured herself. She allegedly struck a wooden protrusion extending from the bottom of the apparatus and the asphalt surface below. Her father commenced this action on her behalf against the City of Yonkers (hereinafter the City) alleging that the apparatus was defectively designed and negligently maintained, and constituted an attractive nuisance. The City moved for summary judgment dismissing the complaint, and submitted evidence establishing that it did not design, manufacture, or install the subject apparatus, and that it did not have actual or constructive notice of the alleged defective condition. In opposition, the plaintiff submitted an expert's unsworn letter which stated that the apparatus did not conform to the standards and guidelines set forth by the United States Consumer Products Safety Commission (hereinafter the CPSC) and the American Society for Testing and Materials. The expert opined

that the apparatus was defectively designed and negligently maintained, basing his opinion on unauthenticated photographs of the structure. The Supreme Court denied the City's motion for summary judgment. We reverse.

The City established its prima facie entitlement to summary judgment dismissing the complaint. The burden then shifted to the plaintiff to produce evidentiary proof in admissible form sufficient to raise a material issue of fact requiring a trial (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). However, the plaintiff failed to meet this burden. The plaintiff relied upon an expert's unsworn letter based on unauthenticated photographs, which did not constitute evidentiary proof in admissible form (*see Morales v City of New York,* 278 AD2d 293; *Chambers v Roosevelt Union Free School Dist.,* 260 AD2d 594; *Hagan v General Motors Corp.,* 194 AD2d 766). Further, the plaintiff's expert relied upon alleged violations of guidelines promulgated by the CPSC, "which are neither mandatory nor intended to be the exclusive standards for playground safety" (*Merson v Syosset Cent. School Dist.,* 286 AD2d 668, 670). Therefore, the City's motion for summary judgment dismissing the complaint should have been granted. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.