■ MARIANNA REIS, Respondent, v WILLIAM & JOHN STREET ASSOCIATES, LLC, et al., Appellants. [794 NYS2d 69]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Douglass, J.), dated March 16, 2004, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against them in the principal sum of $95,500.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, the verdict is set aside, and the complaint is dismissed.

The trial court should have granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law. When viewing the evidence in the light most favorable to the plaintiff, the nonmoving party, by no rational process could the jury have found in her favor (*see Szczerbiak v Pilat*, 90 NY2d 553 [1997]; *Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366 [1985]). The plaintiff did not establish that any of the defendants were negligent since she failed to demonstrate that they either created or had notice of the alleged defective condition which caused the elevator doors to close on her hand thereby injuring it. The plaintiff also failed to establish that the elevator was negligently maintained. Thus, the defendants' motion should have been granted.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.