■ FREAS Y. GARRINGER, an Infant, by His Mother and Natural Guardian, CATHY STEVENSON, Respondent, v SOUTH SENECA HIGH SCHOOL et al., Appellants, et al., Defendant. [794 NYS2d 206]—

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered April 5, 2004. The order, insofar as appealed from, denied those parts of the motion of defendants South Seneca High School, South Seneca School District and Board of Education for summary judgment dismissing the complaint insofar as it asserts claims of negligent supervision, lack of notice and lack of proximate cause.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Infant plaintiff, by his mother, commenced this action seeking damages for injuries that he sustained when he was struck in the eye by an object thrown by defendant Michael Prindle in the locker room at defendant South Seneca High School (School). Contrary to the contention of the School and the South Seneca School District and Board of Education (defendants), Supreme Court properly denied that part of their motion for summary judgment dismissing the complaint insofar as it asserts a claim for negligent supervision based on defendants' alleged failure to provide adequate supervision in the locker room. Even assuming, arguendo, that defendants established as a matter of law that they provided adequate supervision (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), we conclude that plaintiff raised a material issue of fact whether defendants had "proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.