■ PETER UNGARO et al., Respondents, v PATCHOGUE-MEDFORD, NEW YORK SCHOOL DISTRICT, Appellant, et al., Defendant. [797 NYS2d 114]—

In an action to recover damages for personal injuries, etc., the defendant Patchogue-Medford, New York School District ap-

peals from an order of the Supreme Court, Suffolk County (Molia, J.), dated August 11, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Patchogue-Medford, New York School District, and the action against the remaining defendant is severed.

Schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44 [1994]). However, a school is not an insurer of the safety of its students for it cannot be reasonably expected to continuously supervise and control all of the students' movements and activities (*see Moody v New York City Bd. of Educ.*, 8 AD3d 639 [2004]; *Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553 [1990]).

The defendant Patchogue-Medford, New York School District (hereinafter the School District), made a prima facie showing of entitlement to judgment as a matter of law by establishing that it provided adequate supervision and that the level of supervision was not a proximate cause of the infant plaintiff's accident (*see Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d 581 [2003]; *Lynch v City of Yonkers*, 292 AD2d 572 [2002]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d 276 [2002]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355 [2001]; *Chambers v Roosevelt Union Free School Dist.*, 260 AD2d 594 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the School District's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.