■ CHRISTOPHER SWAN et al., Respondents, v TOWN OF BROOKHAVEN et al., Defendants, and WILLIAM FLOYD SCHOOL DISTRICT et al., Appellants. [821 NYS2d 265]—

In an action to recover damages for personal injuries, etc., the defendants William Floyd School District and Moriches Elementary School appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated January 3, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the appellants is granted.

Eleven-year-old Christopher Swan was injured when he fell

from a school playground slide during recess. The record indicates that, as Christopher attempted to get off the side of the slide, about midway down from the top, his foot got caught under another student and he fell to the ground. The plaintiffs alleged that the injuries sustained by Christopher were the result of inadequate ground cover on the playground surface beneath the slide and negligent supervision by school personnel.

The appellants established their prima facie entitlement to judgment as a matter of law by presenting evidence that they maintained the playground in a reasonably safe condition (*see Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 386 [2003]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341, 341-342 [2003]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *Cronin v Middle Country Cent. School Dist.*, 267 AD2d 269, 270 [1999]). The nonmandatory United States Consumer Product Safety Commission guidelines submitted by the plaintiffs in opposition were insufficient to raise a triable issue of fact as to whether inadequate ground cover on the day of the accident proximately caused Christopher's injuries (*see Capotosto v Roman Catholic Diocese of Rockville Ctr., supra*; *Washington v City of Yonkers*, 293 AD2d 741, 742 [2002]; *Merson v Syosset Cent. School Dist.*, 286 AD2d 668 [2001]; *cf. Gonzalez v Board of Educ. of City of Yonkers*, 298 AD2d 358, 359 [2002]; *Marrione v Ficano Enters.*, 277 AD2d 291, 292 [2000]).

The defendants also established their prima facie entitlement to judgment as a matter of law with respect to the plaintiffs' claim that negligent supervision by school personnel was the proximate cause of the accident, and the plaintiffs failed to raise a triable issue of fact in opposition. "Schools are under a duty to adequately supervise students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Ungaro v Patchogue-Medford, N.Y. School Dist.*, 19 AD3d 480, 481 [2005]). While schools are not insurers of safety, they are obligated to exercise such care of their students "as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York, supra* at 49 [internal quotation marks omitted]; *see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Macalino v Elmont Union Free School Dist.*, 18 AD3d 625 [2005]; *Jennings v Oceanside Union Free School Dist.*, 279 AD2d 507, 508 [2001]). However, "[w]here an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury" (*Convey v*

*City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]; *Lopez v Freeport Union Free School Dist., supra; O'Neal v Archdioceses of N.Y.*, 286 AD2d 757 [2001]; *cf. Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 635 [2005]). Here, Christopher's act of going over the side of the slide after getting his foot stuck was a sudden and unforeseen event which no amount of supervision could have prevented. Therefore, even assuming the appellants breached their duty to supervise, this breach was not the proximate cause of the accident (*see Lopez v Freeport Union Free School Dist., supra*).

The court's additional basis for denial of the motion as premature was erroneous since the record evinces "only hope and speculation as to what additional discovery would uncover" (*Lelekakis v Kamamis*, 4 AD3d 507, 508 [2004]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.