■ NAJWA SOBTI et al., Appellants, v LINDENHURST SCHOOL DISTRICT, Respondent. [825 NYS2d 251]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 3, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Nine-year-old Najwa Sobti (hereinafter the infant plaintiff) was injured when she fell from a school playground horizontal ladder during recess. As the infant plaintiff reached for the third rung of the horizontal ladder, her hand slipped from the rung and she fell to the ground. The plaintiffs alleged that the injuries sustained by the infant plaintiff were the result of inadequate ground cover on the playground surface beneath the horizontal ladder.

The defendant established its prima facie entitlement to judgment as a matter of law by presenting evidence that it maintained the playground in a reasonably safe condition (*see Swan v Town of Brookhaven*, 32 AD3d 1012 [2006]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 386 [2003]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341 [2003]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355 [2001]; *Cronin v Middle Country Cent. School Dist.*, 267 AD2d 269 [1999]). The nonmandatory United States Consumer Product Safety Commission guidelines referred to by the plaintiffs and their other proof in opposition to the motion were insufficient to raise a triable issue of fact as to whether inadequate ground cover on the day of the accident proximately caused the infant plaintiff's injuries (*see Swan v Town of Brookhaven, supra*; *Capotosto v Roman Catholic Diocese of Rockville Ctr., supra*; *Washington v City of Yonkers*, 293 AD2d 741 [2002]; *Merson v Syosset Cent. School Dist.*, 286 AD2d 668 [2001]; cf. *Gonzalez v Board of Educ. of City of Yonkers*, 298 AD2d 358 [2002]; *Marrione v Ficano Enters.*, 277 AD2d 291 [2000]). Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.