■ CLAUDIA MURPHY, Individually and as Parent and Natural Guardian of PETER MURPHY, an Infant, Respondent, v FAIRPORT CENTRAL SCHOOL DISTRICT et al., Appellants. [850 NYS2d 752]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 31, 2007 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her son while he was using a weight machine in the fitness center during a physical education class. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Contrary to the contention of defendants, they failed to establish as a matter of law that they provided adequate supervision (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence submitted by defendants in support of their motion established that one group of students was using machines in the fitness center while another group was using free weights in the adjoining gym. Defendant Michael Ierlan, the physical education teacher, moved back and forth between the rooms to supervise the students, and he was not in the fitness center when plaintiff's son was injured. We thus conclude that the evidence submitted by defendants in support of their motion "raises triable issues of fact whether defendant[s] adequately supervised the students attending the [physical education class] and whether the injuries sustained by plaintiff's son were a foreseeable result of the 'absence of adequate supervision' " (*Schirmer v Board of Educ. of Spencerport Cent. School Dist.*, 34 AD3d 1356, 1357 [2006], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see also Garringer v South Seneca High School*, 17 AD3d 1062 [2005]). "Even assuming, arguendo, that defendants established as a matter of law that they provided adequate supervision . . . , we conclude that plaintiff raised a material issue of fact whether defendants had 'proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act' " (*Garringer*, 17 AD3d at 1063, quoting *Mirand*, 84 NY2d at 49). Contrary to the further contention of defendants, they failed to establish as a matter of law that their alleged negligence was not a proximate cause of

the injuries sustained by plaintiff's son. It cannot be said that the accident occurred " 'in so short a span of time that even the most intense supervision could not have prevented it' " (*Swan v Town of Brookhaven*, 32 AD3d 1012, 1013 [2006], quoting *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]). Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.