■ RACHAEL J. BUTLER, an Infant, by Her Parent and Guardian, MARY J. BUTLER, et al., Respondents, v CITY OF GLOVERSVILLE et al., Defendants, and GLOVERSVILLE ENLARGED SCHOOL DISTRICT et al., Appellants. [859 NYS2d 284]—

Kane, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered May 24, 2007 in Fulton County, which denied defendants' motions for summary judgment dismissing the complaint.

In June 2001, plaintiff Rachael J. Butler (born in 1991) (hereinafter the child) was playing at a playground near her home. As she sat at the top of the slide, her older sister gave her a push, causing the child to fall over the side of the slide and land on the ground. Plaintiffs commenced this action to recover for injuries to the child's femur and clavicle which were broken as a result of her fall. After discovery, all defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motions, prompting this appeal by defendants Gloversville Enlarged School District and Gloversville Board of Education (hereinafter collectively referred to as defendants).*

Governmental entities have a duty to maintain their playground facilities in a reasonably safe condition (see Solomon v City of New York, 66 NY2d 1026, 1027 [1985]; Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]; Lopez v Freeport Union Free School Dist., 288 AD2d 355, 356 [2001]). There is no proof here that the slide itself was defective. Instead, plaintiffs allege that defendants failed to maintain the area in a reasonably safe condition by not providing or installing some type of shock-absorbing surface to replace the sod under the slide. Defendants met their initial burden of demonstrating their entitlement to summary judgment through expert affidavits opining that the playground was reasonably safe when constructed, defendants were not required to comply with more recent guidelines and the surface under the slide was not a proximate cause of the child's injuries. In opposition, plaintiffs' expert relied on guidelines in the U.S. Consumer Product Safety Commission's Public Playground Safety Handbook (hereinafter CPSC Handbook) and ASTM International's Standard Consumer Safety Performance Specification for Playground Equipment for Public Use for his opinion that the failure to install a shock-absorbing surface constituted a violation of defendants' legal duty and proximately caused the child's injuries.

"Absent proof that a particular guideline or recommendation has been adopted in actual practice, it cannot be held to impose a heightened standard of care upon the defendants" (Capotosto v Roman Catholic Diocese of Rockville Ctr., 2 AD3d 384, 386

---

* This Court granted the remaining defendants' motion to discontinue their appeal.

[2003] [citations omitted]). A party has no legal duty to upgrade or reconstruct its property simply because design specifications have been implemented or changed since the time of the original construction (*see Vizzini v State of New York*, 278 AD2d 562, 563 [2000]; *Merino v New York City Tr. Auth.*, 218 AD2d 451, 457 [1996], *affd* 89 NY2d 824 [1996]). While plaintiffs' expert relied on guidelines which were not mandatory and did not exist at the time the slide was erected, defendants' director of operations and facilities testified that the Department of Education offers the CPSC Handbook as a reference which defendants regularly followed. This creates a question of fact as to whether defendants adopted these standards in actual practice, then failed to comply with this adopted practice (*see Rosario v City of New York*, 157 AD2d 467, 471-472 [1990]).

Even if a question of fact exists concerning defendants' breach of duty, there is no question concerning proximate cause. Proximate cause is generally a jury question, but summary judgment is appropriate where record evidence reveals that the alleged breach of duty could not have played a role in causing the injury sustained (*see Abair v Town of N. Elba*, 35 AD3d 935, 936 [2006]; *Litts v Best Kingston Gen. Rental*, 7 AD3d 949, 951 [2004]). Defendants submitted the affidavit of an expert in biomechanical engineering who explained that the guidelines were developed to minimize head injuries due to falls from heights, rather than affect the frequency of all skeletal injuries. Based upon his extensive background and experience and his own testing, he asserted that installation of the CPSC Handbook's recommended ground cover would not have prevented the injuries that the child sustained. In his opinion, a fall from the top of the slide would have resulted in broken bones regardless of whether the child fell onto sod, pea stone, or another surface recommended by the guidelines. In response, plaintiffs' engineer merely quibbled with some of the testing and data relied upon by the defense expert, then stated in conclusory fashion, based only upon the guidelines in the CPSC Handbook and ASTM specification, that the lack of softer ground cover was the cause of the child's injuries (*see Cusano v General Elec. Co.*, 111 AD2d 557, 558 [1985], *affd* 66 NY2d 844 [1985]). There is simply no evidentiary basis for this conclusion, rendering it insufficient to meet plaintiffs' burden (*see Passero v Puleo*, 17 AD3d 953, 955 [2005]; *Wessels v Service Mdse.*, 187 AD2d 837, 838 [1992]; *see also Sobti v Lindenhurst School Dist.*, 35 AD3d 439, 439 [2006]; *Swan v Town of Brookhaven*, 32 AD3d 1012, 1013 [2006]).

Accordingly, defendants established their entitlement to sum-

mary judgment based upon a lack of evidence that their actions or inaction proximately caused the child's injuries. As plaintiffs cannot prove their case, we search the record and grant summary judgment to all defendants, including those defendants which discontinued their appeal (*see Via Health Home Care, Inc. v New York State Dept. of Health*, 33 AD3d 1100, 1102 [2006]; *Goldstein v Jones*, 32 AD3d 577, 580 [2006], *lv dismissed* 8 NY3d 939 [2007]).

Peters, J.P. and Rose, J., concur.

Lahtinen, J. (dissenting). We respectfully dissent. While we agree with the majority that there are factual questions regarding defendants' breach of duty, we are not persuaded that proximate cause can be foreclosed as a matter of law based on this record. Proximate cause remains for the factfinder "where varying inferences are possible" (*Mirand v City of New York*, 84 NY2d 44, 51 [1994]).

Initially, although the expert of defendants Gloversville Enlarged School District and Gloversville Board of Education (hereinafter collectively referred to as defendants) states that he conducted tests that led him to conclude that the "ground cover (or lack thereof) made absolutely no difference" in this child's injury when falling from about seven feet, interestingly none of those tests purported to use pea stone as a ground cover nor does the expert indicate that he reviewed the relevant Education Department guidelines. Defendants were aware of the Education Department guidelines requiring appropriate ground cover around the playground equipment and they acknowledged using pea stone to "take[ ] the impact away" at their five other playgrounds, whereas the subject playground surface was described by plaintiffs as grass and dirt. Moreover, the affidavit of plaintiffs' expert—which included, among other things, the underlying facts, his experience and various criteria he considered—set forth his opinions that the playground surface was "extremely hazardous for a fall from th[e] height" which occurred here and that "[h]ad the surface been properly prepared, it is less likely that [the child] would have been injured from the fall." Plaintiffs' expert also included a detailed critique of the analysis used by defendants' expert, setting forth reasons that he believed that the conclusions of that expert were "unclear and misleading."

The proof, in our view, is sufficiently conflicting to present viable questions for trial. At a trial the "jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination [and it] is at liberty to reject an

expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion" (*Zapata v Dagostino*, 265 AD2d 324, 325 [1999] [citation omitted]; *see Quigg v Murphy*, 37 AD3d 1191, 1193 [2007]; *Prescott v LeBlanc*, 247 AD2d 802, 803 [1998]; *Felt v Olson*, 74 AD2d 722, 723 [1980], *affd* 51 NY2d 977 [1980]). We would affirm Supreme Court's order.

Malone Jr., J., concurs. Ordered that the order is reversed, with costs, motions granted, summary judgment awarded to defendants and complaint dismissed.