■ NICOLE PADDEN et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [860 NYS2d 604]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 11, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The infant plaintiff allegedly was injured while in the presence of her mother when she fell from a piece of playground equipment known as a "glider" in a public park operated by the defendant. The plaintiffs thereafter commenced this action, claiming that the defendant failed to maintain the equipment in a reasonably safe condition by neglecting to keep an adequate depth of resilient ground cover under the glider. The defendant subsequently moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

Contrary to the plaintiffs' contention, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of a park supervisor and log book entries establishing that park employees regularly inspected and maintained the ground cover under the glider, keeping it in a reasonably safe condition (*see Sobti v Lindenhurst School Dist.*, 35 AD3d 439 [2006]; *Swan v Town of Brookhaven*, 32 AD3d 1012 [2006]). The plaintiffs failed to raise a triable issue of fact in opposition to the motion. In this regard, the plaintiffs' assertion that the depth of the ground cover at the time of the accident had been less than that recommended by the manufacturer of the playground equipment was insufficient to warrant the denial of summary judgment (*see Bergin v Town of Oyster Bay*, 51 AD3d 698 [2008]; *Sobti v Lindenhurst School Dist.*, 35 AD3d 439 [2006]; *Swan v Town of Brookhaven*, 32 AD3d 1012 [2006]).

The plaintiffs' remaining contentions either are without merit or need not be reached in view of the foregoing. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 30784(U).]