■ CHRISTINE S. MILLER et al., Appellants, v KINGS PARK CENTRAL SCHOOL DISTRICT et al., Respondents. [863 NYS2d 232]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 6, 2007, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The infant plaintiff was injured when, during an after-school child-care program operated by the defendant Town of Smith-

town (hereinafter the Town), she fell from monkey bars in the playground on the property of the defendant Kings Park Central School District (hereinafter School District).

The School District established its prima facie entitlement to judgment as a matter of law by presenting evidence that it maintained the playground in a reasonably safe condition (*see Swan v Town of Brookhaven,* 32 AD3d 1012 [2006]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.,* 2 AD3d 384, 386 [2003]; *Banks v Freeport Union Free School Dist.,* 302 AD2d 341 [2003]). In opposition, the plaintiffs relied on the opinion of an expert who inspected the playground approximately seven months after the incident and thus failed to establish the condition of the playground at the time of the incident (*see McCarthy v State of New York,* 167 AD2d 516, 517 [1990]). Moreover, the expert relied upon alleged violations of guidelines promulgated by the American Society for Testing and Materials and the United States Consumer Product Safety Commission, which are nonmandatory and not meant to be the exclusive standards for playground safety (*see Merson v Syosset Cent. School Dist.,* 286 AD2d 668, 670 [2001]). This and the other evidence submitted by the plaintiffs in opposition was insufficient to raise a triable issue of fact (*see Sobti v Lindenhurst School Dist.,* 35 AD3d 439 [2006]; *Swan v Town of Brookhaven,* 32 AD3d 1012 [2006]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.,* 2 AD3d at 386; *Davidson v Sachem Cent. School Dist.,* 300 AD2d 276, 277 [2002]; *Washington v City of Yonkers,* 293 AD2d 741, 742 [2002]; *Merson v Syosset Cent. School Dist.,* 286 AD2d 668, 670 [2001]).

The Town established its prima facie entitlement to judgment as a matter of law with respect to the plaintiffs' claim that negligent supervision by town personnel was the proximate cause of the accident by demonstrating that there was adequate playground supervision, and that a lack of supervision was not a proximate cause of the accident (*see Swan v Town of Brookhaven,* 32 AD3d 1012 [2006]; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355 [2001]; *Botti v Seaford Harbor Elementary School Dist. 6,* 24 AD3d 486 [2005]; *Biondolillo v City of New York,* 13 AD3d 568 [2004]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.,* 289 AD2d 211 [2001]; *Berdecia v City of New York,* 289 AD2d 354 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.