■ BETTIE J. RICE, Appellant, v UNIVERSITY OF ROCHESTER MEDICAL CENTER, Defendant, and LONG ACRE FARMS, LLC, Respondent. [865 NYS2d 463]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 3, 2007. The order, among other things, granted the motion of defendant Long Acre Farms, LLC for summary judgment dismissing the complaint except for the punitive damages claim.

It is hereby ordered that the order so appealed from is

unanimously modified on the law by denying the motion and reinstating the complaint except for the punitive damages claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while attending a team building event organized by her former employer on property owned by Long Acre Farms, LLC (defendant). Plaintiff injured her tailbone when she landed in a hole at the bottom of a slide while participating in the event on defendant's property, and she alleged that defendant was negligent in failing to fill in the hole or otherwise to provide a soft landing area for those using the slide. We previously affirmed an order granting the motions of defendant University of Rochester Medical Center, plaintiff's former employer, to dismiss the complaint and "amended" complaint against it for failure to state a cause of action, and granting the motion of defendant to dismiss the claim for punitive damages against it (*Rice v University of Rochester Med. Ctr.,* 46 AD3d 1421 [2007]).

Defendant thereafter moved for summary judgment dismissing the remainder of the complaint, and plaintiff cross-moved for partial summary judgment on liability. We conclude that Supreme Court erred in granting defendant's motion but properly denied plaintiff's cross motion, and we therefore modify the order accordingly. Defendant failed to meet its initial burden of establishing as a matter of law that it maintained the slide in a reasonably safe condition (*see Kosicki v Spring Garden Assn., Inc.,* 42 AD3d 909, 910 [2007]; *Prosser v County of Erie,* 244 AD2d 942 [1997]; *cf. Sobti v Lindenhurst School Dist.,* 35 AD3d 439 [2006]) and, indeed, defendant raised a triable issue of fact with respect thereto by its own submissions in support of the motion (*see Vonungern v Morris Cent. School,* 240 AD2d 926, 927-928 [1997]). Defendant's president acknowledged in an affidavit that, at the bottom of the slide, there was "a worn area" or path approximately four inches deep and four feet long created by persons exiting the slide, and defendant submitted portions of the deposition testimony of plaintiff describing the worn area beneath the slide as "a huge dugout" that "was big enough for my body to fit in." We note in addition that defendant submitted no evidence from an expert setting forth that the slide was reasonably safe or that the worn area was not a proximate cause of plaintiff's injuries (*cf. Butler v City of Gloversville,* 52 AD3d 896 [2008]). In addition, based on defendant's own submissions, we agree with plaintiff that defendant failed to establish as a matter of law that the hole at the bottom of the slide was "too trivial to constitute a danger-

ous or defective condition" (*Schaaf v Pork Chop, Inc.*, 24 AD3d 1277, 1278 [2005]; *see Powers v St. Bernadette's R.C. Church*, 309 AD2d 1219 [2003]). The court further erred in granting defendant's motion on the ground that defendant established that the hole at the bottom of the slide "was clearly visible and created no unreasonable risk of harm" to plaintiff. "The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition but, rather, bears only on the injured person's comparative fault" (*Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863 [2006]; *see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]).

Finally, we conclude with respect to plaintiff's cross motion that plaintiff failed to meet her initial burden of establishing as a matter of law that the hole at the bottom of the slide constituted a dangerous or defective condition (*see Huddleson v Upper N.Y. Realty*, 186 AD2d 1064 [1992]; *see generally Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 109-111 [2006]; *Reis v William & John St. Assoc., LLC*, 17 AD3d 558 [2005]). Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.