■ David Grandeau, Individually and as Parent of Michael Grandeau, an Infant, Appellant, v South Colonie Central School District et al., Respondents. [881 NYS2d 549]—

---

Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered August 7, 2008 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff's eight-year-old son climbed onto the top of a set of monkey bars at defendants' playground and then attempted to swing from there down to the ground. Unfortunately, he lost his grip, landed on his left arm and fractured it. Plaintiff commenced this action alleging that, among other things, defendants had not maintained a thick enough layer of surfacing material on the ground beneath the bars to cushion the fall and prevent the type of injury sustained by his son. Defendants moved for summary dismissal, asserting that, even if more of the surfacing material had been used, it would not have prevented the injury. Focusing on proximate cause, Supreme Court granted defendants' motion, finding that plaintiff failed to raise a question of fact as to whether the paucity of surfacing material had contributed to his son's injury. Plaintiff now appeals.

While proximate cause generally presents a question of fact, summary judgment is appropriate where the record shows that the alleged neglect could not have played a role in causing the injury (see Russo-Martorana v Theophilakos, 46 AD3d 1047, 1048 [2007]; Abair v Town of N. Elba, 35 AD3d 935, 936 [2006]). Here, defendants presented the affidavit of a biomedical engineer who had inspected the playground, reviewed applicable industry standards, and analyzed the forces and cushioning capacity of the surfacing material involved. Based on the weight of plaintiff's son and the height of the bars, the expert computed the force applied to the son's arm when he struck the ground, noted that this force was more than twice what it would have been if the bars had been used properly and opined that, given such force, additional surfacing material would not have prevented or reduced the severity of the injury. This proof

shifted the burden to plaintiff to demonstrate that additional surfacing material would have prevented or lessened the severity of his son's injury (*see Valenti v Exxon Mobil Corp.*, 50 AD3d 1382, 1384 [2008]; *Ellis v County of Albany*, 205 AD2d 1005, 1007 [1994]).

To that end, plaintiff presented the opinions of a school safety consultant and an emergency room physician. The consultant merely referred to the opinions summarized in plaintiff's expert disclosure, which includes statements that defendants failed to maintain the depth and quality of cushioning material specified in the Consumer Product Safety Commission's Handbook for Public Playground Safety, and that this and other omissions were the proximate causes of the injury sustained by plaintiff's son. He did not, however, purport to provide any factual or scientific basis for these statements. Plaintiff's second expert opined that, based upon his clinical experience and intuition, it was "probable" that the child would have sustained less severe injuries if the apparatus had been lower and the cushioning had been deeper. Since these experts' opinions are purely conclusory and fail to address the detailed physical analysis by defendant's expert, they have no probative force and are, therefore, insufficient to raise a question of fact as to proximate cause (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Butler v City of Gloversville*, 52 AD3d 896, 898 [2008]; *Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622, 624 [2004], *lv dismissed and denied* 4 NY3d 738 [2004]).

Nor can we agree with plaintiff that his son's injury was caused by defendants' failure to warn of the alleged latent danger posed by the surfacing material, as he has offered no probative evidence that the alleged danger played a role in causing the injury (*see Sobti v Lindenhurst School Dist.*, 35 AD3d 439, 439 [2006]). Finally, inasmuch as there is no showing that defendants' alleged omissions interfered with the public's right to make proper use of the playground, there is no merit in plaintiff's alternate contention that the condition of the monkey bars constituted an actionable public nuisance (*see Haire v Bonelli*, 57 AD3d 1354, 1358 [2008]; *Reid v Kawasaki Motors Corp., U.S.A.*, 189 AD2d 954, 957 [1993]).

Peters, J.P., Spain, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 2008 NY Slip Op 32199(U).]