■ BERNARDO BENAVIDES, Appellant, v UNIONDALE UNION FREE SCHOOL DISTRICT, Respondent. [943 NYS2d 209]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), entered June 16, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In April 2008 the plaintiff Bernardo Benavides, who was then a second-grade student at Northern Parkway School (hereinafter the school) in the defendant Uniondale Union Free School District, allegedly was injured when he was pushed down a slide by a fellow student in the school playground during a lunch recess period. The fellow student allegedly proceeded down the slide and landed on top of the plaintiff. The plaintiff, by his mother and natural guardian, commenced this action, and the defendant moved for summary judgment dismissing the complaint.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 146 [2011]; *Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]; *Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911, 912 [2009]; *Swan v Town of Brookhaven*, 32 AD3d 1012, 1013 [2006]). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York*, 84 NY2d at 49, quoting *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]; *see Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 146-147; *Armellino v Thomase*, 72 AD3d 849, 849-850 [2010]; *Paca v City of New York*, 51 AD3d 991, 992 [2008]; *De Los Santos v New York City Dept. of Educ.*, 42 AD3d 422, 422 [2007]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by presenting evidence that there was adequate playground supervision, and that the level of supervision was not a proximate cause of the subject accident (*see Calcagno v John F. Kennedy Intermediate School*, 61 AD3d at 912; *Conte v Minnesauke Elementary School*, 56 AD3d 511 [2008]; *Miller v Kings Park Cent. School Dist.*, 54 AD3d 314, 315 [2008]; *Swan v Town of Brookhaven*, 32 AD3d at 1013; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Swan v Town of Brookhaven*, 32 AD3d at 1013-1014).

The plaintiff's contention that his testimony at his deposition and at a hearing pursuant to General Municipal Law § 50-h did not constitute "admissible evidence" because of his age is improperly raised for the first time on appeal and, therefore, is not properly before this Court. Contrary to the plaintiff's contention, this does not present a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (*see NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043, 1044 [2011]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur. **[Prior Case History: 31 Misc 3d 1240(A), 2011 NY Slip Op 51061(U).]**