■ DAWN BURCH, Respondent, v VILLAGE OF HEMPSTEAD, Appellant. [32 NYS3d 247]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Peck, J.), entered February 10, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On December 22, 2012, the plaintiff allegedly was injured when she fell down a set of bleacher stairs located in the gymnasium at Kennedy Memorial Park, which was owned by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing that according to the opinion of its expert engineer, the plaintiff's accident could not have occurred in the

manner which she claimed that it did. The Supreme Court denied the motion. We affirm.

A defendant in a premises liability case may demonstrate its prima facie entitlement to judgment as a matter of law with evidence that it did not create the condition that allegedly caused the fall or have actual or constructive notice of that condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Gauzza v GBR Two Crosfield Ave. LLC*, 133 AD3d 710, 710 [2015]; *Bergin v Golshani*, 130 AD3d 767, 767 [2015]; *Hoffman v Brown*, 109 AD3d 791, 792 [2013]; *McMahon v Gold*, 78 AD3d 908, 909 [2010]). "[W]hether a dangerous or defective condition exists . . . is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; *see Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]).

Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. Its expert's affidavit was conclusory, speculative, and lacked a proper foundation, as it was based on an inspection that was conducted 14 months after the incident and did not establish that the bleachers were operating in the same manner or were in the same condition on the date of the inspection as they were on the date of the incident (*see e.g. Mossberg v Crow's Nest Mar. of Oceanside*, 129 AD3d 683, 684 [2015]; *Miller v Kings Park Cent. School Dist.*, 54 AD3d 314, 315 [2008]).

In light of our determination, we need not consider the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Austin, J.P., Cohen, Miller and Duffy, JJ., concur.