Wass v County of Nassau (2018 NY Slip Op 08172)





Wass v County of Nassau


2018 NY Slip Op 08172


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-04137
 (Index No. 600012/13)

[*1]Robert Wass, et al., appellants, 
v
County of Nassau, et al., respondents, et al., defendants.


Dell & Dean, PLLC, Garden City, NY (Jay J. Massaro and Michael Schultz of counsel), for appellants.
Perez & Cariello, Uniondale, NY (Edgar Matos of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated March 8, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants County of Nassau, New York Islanders Hockey Club, L.P., and Nassau County Department of Public Works which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants County of Nassau, New York Islanders Hockey Club, L.P., and Nassau County Department of Public Works which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them is denied.
The plaintiff Robert Wass (hereinafter the injured plaintiff) allegedly was injured when he received an electrical shock during the course of replacing a burnt-out 1,000-watt metal halide light bulb on a catwalk suspended above the ice rink at Nassau Coliseum. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendants County of Nassau, New York Islanders Hockey Club, L.P., and Nassau County Department of Public Works (hereinafter collectively the defendants), alleging, inter alia, common-law negligence and a violation of Labor Law § 200.
Following discovery, the defendants moved for summary judgment, inter alia, dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them on the ground, among others, that the light fixture was not in a dangerous or defective condition. In support of their motion, the defendants relied principally upon the expert affidavit of a certified Fire Investigator. The Supreme Court granted the defendants' motion, and the plaintiffs appeal.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them. The affidavit of the defendants' expert was [*2]speculative, conclusory, and lacked a proper foundation. Specifically, the expert tested the light fixture approximately 2½ years after the incident, and there was no showing that the light fixture was in the same condition as it was on the date of the accident (see Burch v Village of Hempstead, 139 AD3d 778, 779; Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 684; Miller v Kings Park Cent. School Dist., 54 AD3d 314, 315). Moreover, the defendant's expert failed to explain what his testing involved, or to include any empirical data or relevant industry standards to support his conclusions (see Rabon-Willimack v Robert Mondavi Corp., 73 AD3d 1007, 1009; Fotiatis v Cambridge Hall Tenants Corp., 70 AD3d 631, 632). Additionally, the defendants failed to establish, prima facie, that they did not create the alleged dangerous condition (see Doto v Astoria Energy II, LLC, 129 AD3d 660, 663-664).
Since the defendants failed to meet their initial burden, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court