Kastin v Ohr Moshe Torah Inst., Inc. (2019 NY Slip Op 01582)





Kastin v Ohr Moshe Torah Inst., Inc.


2019 NY Slip Op 01582


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-10498
 (Index No. 605777/14)

[*1]Howard Kastin, et al., appellants, 
v
Ohr Moshe Torah Institute, Inc., respondent, et al., defendant.


Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellants.
Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY (Ondine Slone and Gabriella Campiglia of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 26, 2017. The order granted the motion of the defendant Ohr Moshe Torah Institute, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Ohr Moshe Torah Institute, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it is denied.
On September 1, 2014, at approximately 12:15 p.m., the plaintiff Howard Kastin (hereinafter the injured plaintiff) allegedly fell into a three-foot-deep hole adjacent to a fence post which was being installed as part of a new fencing system on premises owned by the defendant Ohr Moshe Torah Institute, Inc. (hereinafter the defendant). The plaintiff, and his wife suing derivatively, subsequently commenced this action to recover damages, among other things, for personal injuries. After joinder of issue, the defendant moved for summary judgment dismissing the amended complaint insofar as asserted against it on the ground, among others, that the hole in which
the injured plaintiff fell was open and obvious, and not inherently dangerous. The Supreme Court granted the motion, and the plaintiffs appeal.
"A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Genefar v Great Neck Park Dist., 156 AD3d 762, 763 [internal quotation marks omitted]; Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 683 [internal quotation marks omitted]; see Basso v Miller, 40 NY2d 233). A property owner has no duty to protect or warn against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous (see Graffino v City of New York, 162 AD3d 990, 991; Genefar v Great Neck Park Dist., 156 AD3d at 762; Davidoff v First Dev. Corp., 148 AD3d 773; Cupo v Karfunkel, 1 AD3d 48, 52). "The issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question," but "a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion . . . on the basis of clear [*2]and undisputed evidence" (Tagle v Jakob, 97 NY2d 165, 169 [citation omitted]). Further, the law is clear that "[e]vidence that the dangerous condition was open and obvious cannot relieve the landowner" of the burden to exercise reasonable care in maintaining the property in a safe condition (Cupo v Karfunkel, 1 AD3d at 52).
In this case, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. The defendant's submissions did not demonstrate, prima facie, that the hole was not inherently dangerous. No evidence was submitted that the hole was too small to create an inherently dangerous condition (see Rice v University of Rochester Med. Ctr, 55 AD3d 1325, 1327). Even if the condition were open and obvious—and it is by no means clear that it was—that would relate to the issue of comparative fault, and not absolve the landowner of all fault (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454; Rice v University of Rochester Med. Ctr., 55 AD3d at 1327; Cucuzza v City of New York, 2 AD3d 389).
Photographs of the site indicate that the hole was in a grassy area, and the depth of the hole was not apparent. The defendant's witness testified at his deposition that the construction area had been marked with yellow hazard tape which was removed the day before the accident because the cement work had been completed. However, the defendant's witness also testified that the entire project had not yet been completed.
The defendant's remaining contentions are without merit (see Custodi v Town of Amherst, 20 NY3d 83, 87).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court