I.S. v Hempstead Union Free Sch. Dist. (2021 NY Slip Op 02329)





I.S. v Hempstead Union Free Sch. Dist.


2021 NY Slip Op 02329


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-13627
 (Index No. 601853/18)

[*1]I.S., etc., et al., respondents, 
v
Hempstead Union Free School District, appellant.


McAndrew, Conboy & Prisco, LLP, Melville, NY (Mary C. Azzaretto of counsel), for appellant.
John Lawrence, Mineola, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered November 21, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On November 18, 2016, the infant plaintiff, who was then a fourth-grade elementary school student, was standing outside with his friends during a lunch recess when a fellow student ran up to him from behind and pushed him, causing him to fall. The infant plaintiff, by his father and natural guardian, and his father suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that any lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries. The Supreme Court denied the motion. The defendant appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Benavides v Uniondale Union Free School Dist., 95 AD3d 809, 810). "However, schools are not the insurers of the safety of their students, 'perfection in supervision' is not required, and schools are not liable for 'every thoughtless or careless act by which one pupil may injure another'" (Armellino v Thomase, 72 AD3d 849, 849-850, quoting Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 304, 306).
Here, the defendant established its entitlement to judgment as a matter of law by demonstrating, prima facie, that its alleged negligence in supervising the infant plaintiff was not a proximate cause of the infant plaintiff's injuries (see Ramirez v Brentwood Union Free Sch. Dist., 164 AD3d 702; Ponsiglione v Board of Educ. of City of N.Y., 135 AD3d 844; Benavides v Uniondale Union Free School Dist., 95 AD3d 809; Tanenbaum v Minnesauke Elementary School, 73 AD3d 743; Janukajtis v Fallon, 284 AD2d 428). The incident occurred in such a short span of time that the most intense supervision could not have prevented it. In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court